(Name)   WILLIAM TERRY, K-89959

(Address)   CALIF. INST. FOR MEN
P.O. BOX 600

(City, State, Zip)   CHINO, CA. 91708

(CDC Inmate No.)   K-89959



2254 _____ 1983 ✓
FILING FEE PAID
Yes _____ No ✓
IFP MOTION FILED
Yes ✓ No _____
COPIES SENT TO
Court ✓ ProSe _____

FILED
DEC 17 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# United States District Court
## Southern District of California

(Enter full name of plaintiff in this action.)

WILLIAM TERRY, K-89959          Plaintiff,

    v.

JEAN WOODFORD, DIRECTOR OF (CDCR) ,
ROBERT J, HERNANDEZ , WARDEN (RJD) ,
DR. J. RITTER, (CMO) (RJD)
KINJI L. HAWTHORNE MD.
(Enter full name of each defendant in this action.)
DR. GIANNINI, MD.          Defendant(s).
DR. CHOO, CHIEF SURGEON / J. HUNT, MD.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

'07 CV 2360 J POR
Civil Case No. _____
(To be supplied by Court Clerk)

Complaint Under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

## B. Parties

1. <u>Plaintiff</u>:  This complaint alleges that the civil rights of Plaintiff,          WILLIAM TERRY
(print Plaintiff's name)
, who presently resides at
CIM/MSF, P.O. BOX 600          , were violated by the actions
(mailing address or place of confinement)
CHINO, CA. 91708
of the below named individuals. The actions were directed against Plaintiff at

_____ on (dates)          ,          , and
(institution/place where violation occurred)     02/19/04 (Count 1) 9/14/04(Count 2)  04/27/05(Count 3) 06/23/06

2. <u>Defendants</u>:  (Attach same information on additional pages if you are naming more than 4 defendants.)

§ 1983 SD Form
(Rev. 5/98)

::ODMA\PCDOCS\WORDPERFECT\22834\1

Defendant **Dr. J. Hunt** resides in **San Diego, Ca.**
(name) (County of residence)
and is employed as a **Medical Dr. at R.J.D** . This defendant is sued in
(defendant's position/title (if any))
his/her XX individual XX official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: Dr. Hunt denied me the right to see a specialist for my ribs. My
9th, 10th, and 11th ribs were broken and he said that they were healing . His handling
of my medical care was irresponsible.


Defendant **J. Woodford** resides in **Sacramento, Ca.**
(name) (County of residence)
and is employed as a **Director of Calif. Dept. Of Corrections.** . This defendant is sued in
(defendant's position/title (if any))
his/her XX individual XX official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: Director Woodford and her staff was reckless, unconcerned, and irre-
sponsible in handling my medical Chrono specifying lower bunk lower tier, due to dis-
ability disorder. Authority sited: section 5054 Penal Code and section 6253. Medical
point A. point 1.

Defendant **Robert J. Hernandez** resides in **San Diego, Ca.**
(name) (County of residence)
and is employed as a **Warden , Richard J. Donovan (Prison)** . This defendant is sued in
(defendant's position/title (if any))
his/her XX individual XX official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: Mr. Hernandez displayed unprofessional conduct and attitude towards
said Defendant. Robert J. Hernandez and his staff was reckless, unconcerned and irre-
sponsible in the handling of my Medical Chrono specifying lower bunk lower tier dis-
ability disorder. Subchapter personal authority cited section: 5058 Penal Code re-
ference section 6253, Amendment of subsection filed 8-22-79 effective thirtieth day after
Defendant **J. Ritter, MD. Chief Med. Officer** resides in **San Diego, Ca.**
(name) (County of residence)
and is employed as a **Chief Medical Officer (RJD) Prison** . This defendant is sued in
(defendant's position/title (if any))
his/her XX individual XX official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: I received treatment at the time of the injury and X-Rays were taken
on 02/19/04 and 03/19/04 to monitor the healing process. Dr. Ritter denied my appeal for
a specialist consultation due to severe pain with ribs 1,2,3,4, and 5. Cited section:
5058 Penal Code, reference section 5054 Penal Code.


(CONTINUED ON ADDITIONAL PAGE)

§ 1983 SD Form
(Rev. 5/98)

::ODMA\PCDOCS\WORDPERFECT\22834\1

**(PAGE #2 CONTINUED)**

DEFENDANT:  Dr. Choo

Resides in:  San Diego, Ca.
(County of residence)

and is employed  as a Medical Dr. at Richard J. Donovan prison. This defendant is sued in  his/her
individual and official as Chief Physician (Surgeon). I was seen by Dr. Choo when this incident happened
but Dr. Choo did not wrap up my ribs. (ie) 9th, 10, and 11th. Dr. Choo said that they would heal on
their own, but that they would monitor the progress and continue with Medication. I told Dr. Choo that
I had severe pain. Dr. Choo was very unprofessional in her conduct and irresponsible in her actions as
far as my treatment was concerned.


DEFENDANT:  Dr. Giannini

Resides in: San Diego, Ca.
(County of residence)

and is employed as a Medical Doctor at Richard  J. Donovan prison. On 8-18-04, Dr. Giannini referred
me to see Dr. Smith, Orthopedic Specialist. On 9/14/04 a referral was submitted to General Surgeon
Dr. Flint, who noted that there was nothing to offer, but recommended I be referred to an orthopedist
or a Thoracic Surgeon. On 2/23/05, I was referred to see Dr. Howden, Thoracic Surgeon, whom I saw on
4/27/05, 6/23/05 and on 7/19/06  which showed a fracture posteralaterally of the 9th rib with in-
complete union of the 10th rib with bony solerotic margin and posterior protuberana. There is a dis-
placed fracture of the 11th rib posterolaterally with non-union. The fracture fragment is displaced.
This was Dr. Howden's findings. I suffered for a long period of time which is a violation of my Eighth
Amendment of the United States Constitution. (Deliberate indifference, Cruel and Unusual Punishment).

---

**(END OF ADDITIONAL INFORMATION FROM Pg. #2)**

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

<u>Count 1</u>: The following civil right has been violated: Eighth Amendment of the United States Constitution. (Deliberate Indifference).                    (E.g., right to medical care, access to courts, Cruel and Unusual Punishment in Estelle Vs. Gamble, (1976) 97 S. ct. 285, 291. due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>:    [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

In January of 2004, as an incarcerated prisoner at Richard J. Donovan Correctional Facility, I was inappropriately housed on an upper bunk. My Medical Chrono stated that I required a lower bunk on a lower tier due to having a Diabetic Seizure disorder and back pain. This Chrono is permanent. I did have a seizure at the. At the time of the incident my 9th 10th and 11th ribs were fractured when I had the seizure and fell from the upper bunk, the distance of the fall being approximately (5) feet. I should never have been housed on the upper bunk per Doctor's order. I was treated by Medical Staff, but my ribs were not wrapped. There is a non-union (Lack of Fusion) of my 9th rib which causes severe ongoing pain for what has been 10 months to date, (Exhibit #4), The Orthopedic Surgical Consultation. Despite ongoing left sided pain, I have not had a Thoracic Surgical consultation to date.

<u>Count 2</u>:  The following civil right has been violated:

(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>:   [Include all facts you consider important to Count 2.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

<u>Count 3</u>:  The following civil right has been violated:

(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>:   [Include all facts you consider important to Count 3.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

**D.  Previous Lawsuits and Administrative Relief**

1.  Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☐ No.

If your answer is "Yes", describe each suit in the space below.  [If more than one, attach additional pages providing the same information as below.]

(a)  Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b)  Name of the court and docket number: _____

_____

(c)  Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

_____

(d)  Issues raised:

_____

_____

_____

_____

(e)  Approximate date case was filed: _____

(f)  Approximate date of disposition: _____

2.  Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ?  ☐ Yes  ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.  If your answer is "No", briefly explain why administrative relief was not sought.

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

    1. An injunction preventing defendant(s):

    2. Damages in the sum of $ 150.000

    3. Punitive damages in the sum of $ 100.000

    4. Other:

**F. Demand for Jury Trial**

Plaintiff demands a trial by ☐ Jury ☐ Court.  (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☒ Plaintiff consents to magistrate judge jurisdiction as set forth above.
    **OR**    ☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

12-6-07
Date

_William Terry_
Signature of Plaintiff

**ALVARADO HOSPITAL MEDICAL CENTER/SDRI**
San Diego, California 92120

**HISTORY & PHYSICAL**

Visit #: **2657465**
MR #: **000509030**
Patient: **TERRY, WILLIAM**
Location: **XT2**
Admitting Physician:
Admit Date: **08/22/2006**

Page 1 of 5

cc: Richard O. Butcher, MD (286 Euclid Ave., #308, San Diego, CA 92114)
    Frederick M. Howden, MD (FAX)

**CHIEF COMPLAINT:** William Terry is a 57-year-old African-American male with painful left rib fractures and non-union.

**HISTORY OF THE PRESENT ILLNESS:** Mr. Terry fell on his left side in January of 2004 and fractured his left ninth, tenth, and eleventh ribs posterolaterally. He has noted intermittent pain at the site. Some of the ribs appear to have healed, while one definitely has a chronic non-union. The pain has increased with deep breathing, coughing, sneezing, and movements of the left upper extremities. He is unable to lie on his left side because of pain. The pain is more prominent during cold and damp weather. The pain radiates down his left side. He denies dyspnea, hemoptysis, or fever. There is no prior history of lung disease. CT scan of the chest on 7/19/2006 showed a fracture posterolaterally of the ninth rib with incomplete union. There is a non-union of the tenth rib with bony sclerotic margins and posterior protuberance. There is a displaced fracture of the eleventh rib posterolaterally with non-union. The fracture fragment is displaced at approximately 1.2 cm. There is no pneumothorax. There is no underlying lung disease. Incidentally noted are atherosclerotic calcifications of the coronary arteries, a small pericardial effusion, and an 8 mm lesion of the T9 vertebra, which appears to be a hemangioma.

**PAST MEDICAL HISTORY:** History of coronary artery disease. Mr. Terry sustained a myocardial infarction in 2000 and underwent angioplasty, vessel unknown. He is presently asymptomatic, denying angina, dyspnea on exertion, orthopnea and paroxysmal nocturnal dyspnea. History of hypertension. History of type 2 diabetes mellitus. History of benign prostatic hypertrophy and neurogenic bladder. History of pancreatitis. History of hepatitis C. History of dyslipidemia. History of gastroesophageal reflux disease. History of depression. History of spinal stenosis with left-sided sciatica symptoms.

**PAST SURGICAL HISTORY:** Status post right shoulder arthroscopy in 1993, laparoscopic cholecystectomy and umbilical hernia repair in December 2004,

Exhibit [8] cover page

Number of pages 1

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:    NOV 0 1 2006

In re:   Terry, K-89959
         Richard J. Donovan Correctional Facility
           at Rock Mountain
         P.O. Box 799006
         San Diego, CA 92179-9005

IAB Case No.: 0602017          Local Log No.: RJD 06-483

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. Stocker, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that he sustained fractures to the left side of his ribs when he fell from an upper bunk in January 2004. After filing a separate CDC Form 602, Inmate/Parolee Appeal Form in January 2005, he was referred to Dr. Smith, staff orthopedist, who recommended removal of the appellant's ninth rib. The surgery has not yet been performed despite assurances from medical staff that it was forthcoming. He experiences chronic pain due to the lack of surgery. The appellant has been determined to be Developmentally Disabled (DD) and has been hampered in his ability to submit a CDC 602 without the aid of another inmate. There is an absence of a system in the institution to assist such inmates without forcing the inmate to turn to inmate profiteers. He requests prompt medical care and implementation of a system to provide DD inmates with free assistance to file a CDC 602 for medical care and access to the courts.

**II   SECOND LEVEL'S DECISION:** The reviewer found that the appellant has been diagnosed with a non-healing displaced left ninth rib fracture. A medical hold has been issued. The appellant told the appeal interviewer that he is aware of staff-monitored inmate services to complete and file a CDC 602 through Dr. Stotland, Staff Psychiatrist. The appellant knows who to contact to obtain appeal assistance.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   **A.  FINDINGS:** The institution was contacted at the Director's Level Review to obtain additional information. According to C. Duhon, Medical Appeals Analyst, Richard J. Donovan Correctional Facility at Rock Mountain (RJD), on October 6, 2006, surgical removal of the appellant's rib occurred on August 22, 2006. The appellant is aware of his access to the program designed to assist DD inmates in filing a CDC 602. It is apparent that the appellant has been examined by licensed physicians for the complaints that he describes. He has been treated in accordance with the professional judgments of the physicians.

   **B.  BASIS FOR THE DECISION:**
   California Code of Regulations, Title 15, Section: 3084.1, 3084.2, 3085, 3350, 3350.1, 3350.2

   **C.  ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, RJD
        Health Care Manager, RJD
        Appeals Coordinator, RJD
        Medical Appeals Analyst, RJD

EXhiBiT [7] cover page

Number of pages 1

State of California                                                    Department of Corrections

# Memorandum

Date:      July 15, 2004

To:        Terry, W., K-89959
           Richard J. Donovan Correctional Facility at Rock Mountain

Subject:   SECOND LEVEL APPEAL RESPONSE LOG NUMBER: 04-802

ISSUE: It is the appellant's position that a specialist for the treatment of his broken ribs should see him.

INTERVIEWED BY: L. Raupe, Health Care Appeals Coordinator on July 15, 2004.

REGULATIONS: The rules governing this issue are:

**California Code of Regulations, Title 15, Section (CCR) 3004. Rights and Respect of Others.**
        (a) Inmates and parolees have the right to be treated respectfully, impartially, and fairly by all employees. Inmates and parolees have the responsibility to treat others in the same manner. Employees and inmates may use first names in conversation with each other when it is mutually acceptable to both parties.
        (b) Inmates, parolees and employees will not openly display disrespect or contempt for others in any manner intended to or reasonably likely to disrupt orderly operations within the institutions or to incite or provoke violence.
        (c) Inmates, parolees and employees will not subject other persons to any form of discrimination because of race, religion, nationality, sex, political belief, age, or physical or mental handicap.

The appellant sustained broken ribs in January 2004. He received treatment at the time of the injury and x-rays were taken on February 19, 2004, March 19, 2004 and April 29, 2004 to monitor the healing process. The facility physician is monitoring the appellant's progress, and has continued with medication. The staff physician does not concur with the appellant that he needs a specialist consult.

DECISION: The appeal is DENIED, in that a reprimand will not be placed in the physician's personnel file.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

_Steven Ritter_
Steven Ritter, D.O.
Health Care Manager/Chief Medical Officer
Richard J. Donovan Correctional Facility at Rock Mountain

                                    R.J. DONOVAN CORRECTIONAL FACILITY
                                    APPEALS COORDINATOR
                                    480 ALTA ROAD
                                    SAN DIEGO, CA  92179          ORIGINAL

Exhibit [6] Cover pAges

Number of pages 1 pages

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# HEALTH CARE SERVICES
# PHYSICIAN REQUEST FOR SERVICES
(To be completed by requesting Physician and forwarded to Utilization Management Unit)

| PATIENT NAME TERRY, Billy | CDC NUMBER K 89959 | INSTITUTION R. J. DONOVAN |

| DATE OF BIRTH 5/29/45 | EPRD DATE Feb. 2009 | GENDER Male |

| PRINCIPLE DIAGNOSIS Non Umon (L) 9th rib fx. | ICD-9 CODE | CPT CODE(S) |

| REQUESTED SERVICE(S) Orthopedist | | # OF DAYS RECOMMENDED |

*Please circle all that apply:* Diagnostic Procedure/Consultation      Outpatient/Inpatient      Initial/Follow-up

Requested Treatment/Service is:   EMERGENT      URGENT      (ROUTINE)

*For the purpose of retrospective review,* if emergent or urgent, please justify: _____

Proposed Provider: Dr. Smith - Orthopedist _____ Anticipated Length of Stay: _____

Expected disposition (i.e.: outpatient follow-up, return to institution, transfer): _____

Medical Necessity (*briefly describe the clinical situation; the history of the illness, treatments used, pertinent lab and imaging studies, or questions for the consultant*): Fx (L) posterior ribs 9, 10 + 11 on JAN '04 10th + 11th healed. 9th non union + painful.

Estimated time for service delivery, recovery, rehabilitation and follow-up: _____

Summary of preliminary or diagnostic work up, conservative treatment provided (if applicable, please provide TB code, CD4, viral load, albumin, total protein and dates within last 3 months): _____

Comments (diagrams, risk factors, prognosis, alternative management, etc.): See X-ray reports in chart

| REQUESTING PHYSICIAN PRINTED NAME ALBERT P. GIANNINI, JR., M.D. | APPROVED / AUTHORIZED / DENIED / DEFERRED BY | DATE 8/26/04 |
| REQUESTING PHYSICIAN SIGNATURE | DATE 8/18/04 | Utilization management tracking # RR-2050 |

DATE OF CONSULTATION _____ | PRINTED NAME OF CONSULTANT _____

FINDINGS: _____

RECOMMENDATIONS: Thoracic/Gen Surg. Consult

FOLLOW-UP OR FURTHER EVALUATIONS REQUESTED: _____

| CONSULTANT SIGNATURE | DATE 9/13/04 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| ETA RN SIGNATURE | DATE | TERRY, Billy |
| CP SIGNATURE | DATE 9/14/04 | K 89959 |

Attach Progress Note page for additional information.

**THIS FORM MUST BE RETURNED WITH THE PATIENT!!!**

DISTRIBUTION:
ORIGINAL - FILE IN UHR
GREEN - TO UHR PENDING ORIGINAL
CANARY - CONSULTANT
PINK - UM
GOLD - SPECIALTY SCHEDULER

Thoracic/General Surgery Consult request due 9/14/07

Yd. 1 - Bldg. 1 - 1292

CDC 7243 (Rev. 11/02)

APPENDIX "    "

# EXHIBIT COVER PAGE 4

**EXHIBIT**

Description of this Exhibit:

*ORTHOPEDIC SURGICAL CONSULT &*
*RECOMMENDATIONS*

Number of pages to this Exhibit: _____ *1* pages.

JURISDICTION: (Check only one)

- ☐ Municipal Court
- ☐ Superior Court
- ☐ Appellate Court
- ☐ State Supreme Court
- ☒ United States District Court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury

State of California
& Rehabilitation

Department of Corrections

# Memorandum

Date:     June 28, 2006

To:       TERRY K-89959
          Richard J. Donovan Correctional Facility at Rock Mountain

Subject:  FIRST LEVEL APPEAL RESPONSE LOG NUMBER: RJD 06-00483

<u>DISCUSSION OF FINDINGS</u>

The inmate/patient (I/P) is requesting that his urgent medical needs be taken care of and that a comprehensive program be developed to assist Developmentally Disabled (DD) inmates with filling out 602's and other legal documents.

The I/P states that he fell from the upper bunk in January 2004. He suffers from extreme pain due to a rib fracture that has not healed. The I/P states that he has been waiting months for this medical condition to be addressed and treated.

Review of the I/P's Unit Health Record (UHR) and medical appointment history was conducted. It was determined that the I/P suffers from a non-healing displaced left 9th rib fracture. The I/P was seen by Dr. Howden, Thoracic Surgeon, on June 23, 2006. Dr. Howden requested a non-contrast CT scan of chest and left rib films. It is Dr. Howden's recommendation that it would be reasonable to perform surgery for rib fracture.

On June 28, 2006, Dr. Choo, Chief Physician & Surgeon, reviewed Dr. Howden's report and recommendations. Dr. Choo discussed this information with the I/P. The I/P stated that his condition is causing him much discomfort. Dr. Choo informed the I/P of all the risks involved in having this procedure, and despite surgery there is no guarantee that his condition would improve; the I/P stated that he wants to proceed with the surgery.

The I/P requested that he be placed on a medical hold until this medical issue is addressed. Dr. Choo agreed that it is in the I/P's best interest to remain at RJD until this matter is resolved, therefore a medical hold is being issued.

As for the issue of a program to assist DD inmates with filling out 602's and other legal documents, there is a program in place that is offered by Dr. Stotland, Staff Psychologist. Dr. Stotland runs the Clerk Program which is designed to assist DD inmates. The I/P stated that he is aware of Dr. Stotland's program and knows who to contact when he needs assistance.

Effective communication was accomplished by verbal interview; the patient is able to understand by normal verbal means.

APPENDIX "                "

# EXHIBIT COVER PAGE $\boxed{3}$
EXHIBIT

Description of this Exhibit:

## CLINICAL SUMMARY OUTLINE

Number of pages to this Exhibit: _____ **/** pages.

JURISDICTION: (Check only one)

- ☐ Municipal Court
- ☐ Superior Court
- ☐ Appellate Court
- ☐ State Supreme Court
- ☒ United States District Court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury

State of California
& Rehabilitation

Department of Corrections

# Memorandum

Date:    June 28, 2006

To:    TERRY K-89959
Richard J. Donovan Correctional Facility at Rock Mountain

Subject:    FIRST LEVEL APPEAL RESPONSE LOG NUMBER: RJD 06-00483

DISCUSSION OF FINDINGS

The inmate/patient (I/P) is requesting that his urgent medical needs be taken care of and that a comprehensive program be developed to assist Developmentally Disabled (DD) inmates with filling out 602's and other legal documents.

The I/P states that he fell from the upper bunk in January 2004. He suffers from extreme pain due to a rib fracture that has not healed. The I/P states that he has been waiting months for this medical condition to be addressed and treated.

Review of the I/P's Unit Health Record (UHR) and medical appointment history was conducted. It was determined that the I/P suffers from a non-healing displaced left 9th rib fracture. The I/P was seen by Dr. Howden, Thoracic Surgeon, on June 23, 2006. Dr. Howden requested a non-contrast CT scan of chest and left rib films. It is Dr. Howden's recommendation that it would be reasonable to perform surgery for rib fracture.

On June 28, 2006, Dr. Choo, Chief Physician & Surgeon, reviewed Dr. Howden's report and recommendations. Dr. Choo discussed this information with the I/P. The I/P stated that his condition is causing him much discomfort. Dr. Choo informed the I/P of all the risks involved in having this procedure, and despite surgery there is no guarantee that his condition would improve; the I/P stated that he wants to proceed with the surgery.

The I/P requested that he be placed on a medical hold until this medical issue is addressed. Dr. Choo agreed that it is in the I/P's best interest to remain at RJD until this matter is resolved, therefore a medical hold is being issued.

As for the issue of a program to assist DD inmates with filling out 602's and other legal documents, there is a program in place that is offered by Dr. Stotland, Staff Psychologist. Dr. Stotland runs the Clerk Program which is designed to assist DD inmates. The I/P stated that he is aware of Dr. Stotland's program and knows who to contact when he needs assistance.

Effective communication was accomplished by verbal interview; the patient is able to understand by normal verbal means.

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## INMATE/PAROLEE
## APPEAL FORM
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|
| | 1. _____ | 1. _____ | | |
| | 2. _____ | 2. _____ | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Terry, William | K-89959 | Unassigned/DDP | 02-140L |

**A. Describe Problem:** In January, 2004, while having a Lower Tier/Lower Bunk chrono, I was inappropriately housed on an Upper Bunk. I had a seisure and fell off the bunk. At that time, I sustained fractures to my ribs and sought medical care. On 9/13/04, with increasing pain, I was referred to Dr. Smith (Orthopedist) and it was recommended that my 9th rib be removed. I am indigent and in the Developmentally Disabled Program (DDP). I am unable to advocate for myself but obtained some help filing a CDC-602 which was considered late. My 9th rib has not been surgically removed as of this date. I have chronic left sided back pain due to this rib. My previous CDC-602's

If you need more space, attach one additional sheet. have been denied but I request re-assessment prior to filing this in court. Please expedite.

**B. Action Requested:** I request urgent medical care (surgery) for my fractured 9th rib that is causing me chronic pain, now going on 12 months. This surgery has been recommended by Dr. Smith, the consulting orthopedist at R. J. Donovan. surgery ~~surgery~~

I also seek compensation for the delay with regard to surgery ordered 9/13/04 because of the pain/suffering involved. William Terry

**Inmate/Parolee Signature:** _William Terry_    **Date Submitted:** 1/13/05

**C. INFORMAL LEVEL (Date Received:** _____ )

**Staff Response:** Assigned to Sick Call.

**Staff Signature:** _____    **Date Returned to Inmate:** 2/18/05

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

I have been scheduled for a cardio-thoracic surgical consult but this has not occurred. I am in pain and losing weight. I want to have my consulation as soon as possible.

It is my understanding that my 9th rib needs to be removed and that is what's causing my extreme pain.

**Signature:** _William Terry_    **Date Submitted:** 2/24/05

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

**CDC Appeal Number:**

APPENDIX "       "

# EXHIBIT COVER PAGE 

Description of this Exhibit:

## CDC-602 INMATE APPEAL

Number of pages to this Exhibit: ____/____ pages.

JURISDICTION: (Check only one)

- ☐ Municipal Court
- ☐ Superior Court
- ☐ Appellate Court
- ☐ State Supreme Court
- ☒ United States District Court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury

Approved for
use with
Judicial
Council forms
(Jan. 1, 1997)

RE-ORDER    #950001 (PKG)
            #950002 (CTN)
MADE IN USA

---

NAME and NUMBER    **TERRY, BILLY**    **K-89959**    **F4-16-134L**    CDC 128-C

This inmate requires:    LOWER BUNK [XX] LOWER TIER [ ]
**DUE TO BACK PAIN AND OBESITY.**

[ ]    This chrono is **TEMPORARY** and will expire at midnight on

[XX]    This chrono is **PERMANENT** and will remain in effect for the duration
        of the inmate's stay at the Richard J. Donovan Correctional Facility.

Orig: C-File                          _C. W. Armstrong MD_
cc: Medical Record
    Housing Officer                   **C. W. ARMSTRONG, M.D.**
    Inmate                            **Staff Physician/Surgeon**

---

DATE    **D:** 04-03-98    **T:** 04-06-98    **RJDRC-SD  CA/nbe**    MEDICAL—PSYCHIATRIC—DENTAL

**CHRONOS/LABORATORY REPORTS**

---

NAME and NUMBER    Terry, William    K-89959    CDC

This inmate has a medical problem that    CANE [ ]    CRUTCHES [ ]    WHEEL CHA[ ]
requires the use of:

This inmate also requires:    LOWER BUNK [✓]    LOWER TIER [✓]    LIGHT DU[ ]

DUE TO:
This chrono is to be:    TEMPORARY [ ]    PERMANENT [✓]

If temporary, this chrono expires at midnight on _____

Orig:  C-File                          _Dr. Woo MD_ CHOO
cc: Medical Record                     Physician/Surgeon
    Housing Officer

EXhiBiT COVer pages 1

Number of pages 1 pages

# CALIFORNIA INSTITUTION FOR MEN
## PROOF OF SERVICE BY MAIL
### (C.C.P. §1013a; §2015.5; Fed.R.Civ.P. 5; 28 U.S.C. 1746)

I am over the age of eighteen years, a citizen of the United States, a resident of the State of California,  **(A)** and I and **not** a party to the within action.  My mailing address is: P.O. BOX 600, CHINO, CA 91708-0600.

On the following date: **(B)** _12/06/07_ , I served the following document(s): **(C)**

_LEGAL DOCUMENT TO UNITED STATES DISTRICT COURT (SOUTHERN DISTRICT)_

On the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, addressed as follows to the following parties: **(D)**

_UNITED STATES DISTRICT COURT_

_SOUTHERN DISTRICT OF CALIFORNIA_

_325. W. F ST._

_SAN DIEGO, CA 92101-6989_

I am readily familiar with the normal business practices for collection and processing of correspondence and other materials for mailing with the United States Postal Service.  On the same day that correspondence is placed for collection and mailing, in a sealed envelope with postage fully prepaid, it is deposited in a box so provided at the correctional institution in which I am presently confined.

I certify (or declare) under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**(E)** Name: _William Terry_ CDCR#: _K89959_

Signed: _William Terry_ Dated: _12/6/07_

---

### CIM MAILROOM ACKNOWLEDGEMENT OF MAILING

DATED: _12/14/07_ STAFF: _____

SIGNED: _J.D_ _____

---

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

**FILED**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

I (a) PLAINTIFFS

2254    1983

FILING FEE PAID

Yes          No

IFP MOTION FILED

Yes          No

COPIES SENT TO

**William Terry**

Court          Pro Se

Woodford, By al

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   San Bernardino
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**William Terry**
**PO Box 600**
**Chino, CA 91708**
**K-89959**

ATTORNEYS (IF KNOWN)

'07 CV 2360 J POR

| II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT | | |
|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party) | (For Diversity Cases Only) | PT  DEF | PT  DEF |
| | Citizen of This State | ☐1  ☐1  Incorporated or Principal Place of Business in This State | ☐4  ☐4 |
| ☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III | Citizen of Another State | ☐2  ☐2  Incorporated and Principal Place of Business in Another State | ☐5  ☐5 |
| | Citizen or Subject of a Foreign Country | ☐3  ☐3  Foreign Nation | ☐6  ☐6 |

IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

## 42 U.S.C. 1983

V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | LABOR | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | |

VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appelate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ 250,000 | Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

VIII. RELATED CASE(S) IF ANY (See Instructions):    JUDGE                                          Docket Number

DATE    12/17/2007

SIGNATURE OF ATTORNEY OF RECORD

R. Mcceck