# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TERRY,<br>CDCR #K-89959,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>JEAN WOODFORD, et al.,<br><br>　　　　　　　　　　　Defendant. | Civil No.　07cv2360 J (POR)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE, GARNISHING $350 FROM PRISONER'S TRUST ACCOUNT [Doc. No. 4];**<br><br>**(2)  SUA SPONTE DISMISSING AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

　　　　Plaintiff, William Terry, a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility and proceeding pro se, has filed a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4].

**I.　Motion to Proceed IFP [Doc. No. 4]**

　　　　All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28

U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915, as amended by the Prison Litigation Reform Act ("PLRA"), further requires that each prisoner seeking leave to proceed IFP submit a "certified copy of [his] trust fund account statement (or institutional equivalent) ... for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Using these certified trust account statements, the Court must assess an initial payment of 20% of (a) the average monthly deposit, or (b) the average monthly balance in the account for the past six months, whichever is greater, and collect that amount as the prisoner's initial partial filing fee, unless he has no current assets with which to pay. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4); *Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Taylor*, 281 F.3d at 847.

The Court finds that Plaintiff has submitted an affidavit that complies with 28 U.S.C. § 1915(a)(1) [Doc. No. 4] as well as a certified copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2. Plaintiff's trust account currently indicates that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 4], and assesses no initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1) (court shall assess initial partial filing fee only "when funds exist"); 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's

IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). However, Plaintiff is required to pay the full $350 filing fee mandated by 28 U.S.C. §§ 1914(a) and 1915(b)(1), by subjecting any future funds credited to his prison trust account to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2).

## II.  Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's

duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

### A. Constitutional Claims

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### B. Eighth Amendment medical care claims

In his Complaint, Plaintiff alleges that he was denied adequate medical attention in violation of his Eighth Amendment rights.[1] In January of 2004, Plaintiff claims that he had a seizure that led to him falling off his upper bunk in his cell. (*See* Compl. at 4.) As a result, Plaintiff broke several ribs. (*Id.*) He further alleges that he should never have been housed on an upper bunk because he had a chrono specifying he should be housed in a lower bunk. (*Id.*)

To assert a claim under the Eighth Amendment based on inadequate medical care, Plaintiff must allege facts which show that specific individuals were "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In order to show deliberate indifference, he must allege sufficient facts to indicate: (1) that his medical need is "serious" and (2) that prison officials acted or failed to act in light of that need with a "culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The indifference to medical needs also must be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

---

[1] Plaintiff has previously filed these same claims in *Terry v. California Dep't of Corrections, et al.*, S.D. Cal. Civil Case No. 05-1981 JM (NLS). However, it appears that Plaintiff did not pursue that action because he had not exhausted his adminstrative remedies as required by 42 U.S.C. § 1997e(a). Thus, the Court will not dismiss this action as duplicative at this stage.

1  The Court finds the allegations contained in Plaintiff's Complaint to be insufficient to show the "deliberate indifference" required to support a claim of cruel and unusual punishment under the Eighth Amendment. Plaintiff does not identify any named Defendant as having actual knowledge that he should not have been housed in an upper bunk. Nor does Plaintiff name any Defendant whom he claims was actually aware of a serious danger in housing Plaintiff in an upper bunk, and deliberately ignored that danger. Because Plaintiff has not identified any Defendant who was aware of his serious medical need to be assigned a lower bunk and deliberately ignored the serious risk to his health and safety, he has failed to state an Eighth Amendment claim with respect to being assigned an upper bunk.

Moreover, other than the medical doctor Defendants, Plaintiff names as the only other Defendants, Jeanne Woodford, the Director of the CDC, and Robert Hernandez, the Warden of Donovan, and seeks damages against these Defendants based on their responsibility for the workings of Donovan. Such allegations are insufficient to state a claim against these Defendants because there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

As supervisors, Defendants Woodford and Hernandez may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff alleges specific facts which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's Complaint fails to set forth facts which might

be liberally construed to support an individualized constitutional claim against Defendants Woodford or Hernandez. Plaintiff has simply failed to identify any Defendant whom he made aware of a serious risk to his health or safety arising from being housed in an upper bunk and who deliberately ignored that risk.

Accordingly, the Court finds that Plaintiff's Complaint must be dismissed sua sponte for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

### III.   Conclusion and Order

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [doc. no. 4] is **GRANTED**.

2.   The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.   The Clerk of the Court is directed to serve a copy of this Order on James Tilton, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.   Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been

waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

5. The Clerk of the Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: April 11, 2008

HON. NAPOLEON A. JONES, JR.
United States District Judge