UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TERRY,<br>CDCR #K-89959,<br><br>                                Plaintiff,<br><br>    vs.<br><br>LT. McBRIDE; SGT. HERNANDEZ;<br>C/O FLORES; C/O WILLIAMS;<br>DR. CHOO; DR. J. RITTER;<br>DR. J. HUNT,<br><br>                              Defendants. | Civil No.   07-2360 J (POR)<br><br>ORDER DIRECTING U.S. MARSHAL<br>TO EFFECT SERVICE OF<br>PLAINTIFF'S FIRST AMENDED<br>COMPLAINT PURSUANT TO<br>Fed.R.Civ.P. 4(c)(2)<br>AND 28 U.S.C. § 1915(d) |

## I.  Procedural History

On December 17, 2007, Plaintiff, William Terry, an inmate currently incarcerated at the California Institution for Men located in Chino, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a), but instead submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

////

////

On April 11, 2008, this Court granted Plaintiff's Motion to Proceed *IFP* but sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted. (*See* Apr. 11, 2008 Order at 6-7.) Nonetheless, the Court granted Plaintiff leave to file a First Amended Complaint and cautioned him that any claims not re-alleged and Defendants not named in the First Amended Complaint would be deemed waived. *Id.* (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). On May 6, 2008, Plaintiff filed his First Amended Complaint ("FAC") but he did not rename Defendants Woodford, Warden Hernandez[1], Hawthorne and Gianni. Thus, Defendants Woodford, Warden Hernandez, Hawthorne and Gianni are **DISMISSED** from this action.

## II.   Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

As the Court stated in its previous Order, notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(2). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

---

[1] However, Plaintiff does allege claims against Sergeant Hernandez who remains in the action.

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, the Court finds that Plaintiff's claims in his First Amended Complaint survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and that Plaintiff is therefore entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(2) (providing that "service be effected by a United States marshal, deputy Untied States marshal, or other officer specially appointed by the court ... when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

### III. Conclusion and Order

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Defendants Woodford, Warden Hernandez, Hawthorne and Gianni are **DISMISSED** from this action. *See King*, 814 F.2d at 567.

**IT IS FURTHER ORDERED** that:

2. The Clerk shall issue a summons upon the remaining Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, and certified copies of his

First Amended Complaint and the summons for purposes of serving each of these Defendants. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the First Amended Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(2).

3.   Defendants are thereafter **ORDERED** to reply to the First Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

4.   Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED: 8-1-08

HON. NAPOLEON A. JONES, JR.
United States District Judge