UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| WILLIAM TERRY, | Civil No.   07cv2360-J (POR) |
|---|---|
| Plaintiff, | **REPORT AND RECOMMENDATION THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART** |
| v. | |
| CAPT. MCBRIDE, Correctional Captain; LT. HERNANDEZ, Correctional Lieutenant; PAROLE OFFICER FLORES, Correctional Officer; CORRECTIONAL OFFICER WILLIAMS, Correctional Officer; DR. CHOO; Medical Doctor; DR. J. RITTER, Chief Medical Officer; DR. J. HUNT, Medical Doctor; | **(Doc. No. 15.)** |
| Defendants. | |

This Report and Recommendation is submitted to United States District Judge Napoleon A. Jones, Jr., pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.3 of the United States District Court for the Southern District of California.

On May 6, 2008, Plaintiff filed a First Amended Complaint (hereinafter, "FAC") pursuant to 42 U.S.C. § 1983.  (Doc. 6.)  On November 10, 2008, Defendants filed a Motion to Dismiss and to Strike Plaintiff's First Amended Complaint (hereinafter, "Motion to Dismiss and Strike").  (Doc. 15.)  On November 24, 2008, Plaintiff filed a Motion of Objection to Defendant's Motion for Dismissal (hereinafter, "Opposition").  (Doc. 17.)  On December 18, 2008, Defendants filed a Reply to Plaintiff's Motion of Objection to Defendant's Motion for Dismissal (hereinafter, "Reply"). (Doc. 18.)

## I. Procedural Background

Plaintiff, an inmate currently incarcerated at the California State Prison in Chino, California, and proceeding pro se and *in forma pauperis*, is proceeding with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff claims that, while incarcerated at Donovan State Prison (hereinafter, "Donovan"), the various prison officials named as Defendants in his First Amended Complaint deprived him of his Eighth Amendment right to be free of cruel and unusual punishment when they (A) placed him on a top bunk in Donovan's Administrative Segregation Unit (hereinafter, "ASU") despite a "Medical Chrono"[1] ordering Plaintiff to be housed exclusively on a lower tier/lower bunk due to a seizure disorder; and (B) intentionally denied Plaintiff adequate medical care after Plaintiff fell from a top bunk in Donovan's ASU and broke three ribs. (Doc. 6; Doc. 17.) Plaintiff seeks compensatory and punitive damages. (Doc. 6 at 7.)

On November 10, 2008, Defendants filed the Motion to Dismiss and to Strike. (Doc. 15.) Defendants first assert Plaintiff fails to state a claim against Defendant Doctors Choo, J. Ritter, and J. Hunt because the FAC does not contain facts establishing deliberate indifference in violation of the Eighth Amendment.[2] (Id. at 3.) Defendants also seek dismissal of Plaintiff's claims to the extent Plaintiff seeks damages from Defendants acting in their official capacities. (Id. at 5.) Finally, Defendants move to strike Plaintiff's prayer for punitive damages on the ground that these damages are not recoverable as a matter of law. (Id. at 6.)

On November 24, 2008, Plaintiff filed the Opposition. (Doc. 17.) On December 18, 2008, Defendants filed the Reply. (Doc. 18.)

## II. Factual Allegations

On December 13, 2003, Plaintiff was placed in Donovan's ASU. (Doc. 6 at 3.) Plaintiff alleges he has a medical condition that causes seizures and which is documented in his prison medical records. (Id.) Plaintiff also claims he has a "Medical Chrono" ordering him to be housed only on a lower tier/lower bunk due to his medical condition. (Id.)

---

[1] A "Medical Chrono" is a medical order.

[2] The Pleadings do not provide first names for Defendants Choo, Hunt, Ritter, McBride, Hernandez, Flores, and Williams. The Pleadings include first initials for the following defendants: J. Hunt, J. Ritter, and C. Flores.

1    Plaintiff claims that, upon entering the ASU, he informed Defendants C. Flores and Williams
2 of his medical condition.  (Doc. 6 at 3.)  Plaintiff alleges Defendants Flores and Williams stated "if
3 [Plaintiff] couldn't produce the Documentation [sic], they would not do anything about it."  (Id.)
4 Plaintiff claims he could not produce this medical documentation because it was not in his
5 possession when he entered the ASU and because inmates were not allowed personal property in this
6 unit.  (Id.; Doc. 17 at 2.)  Plaintiff claims Defendants Flores and Williams refused to check his
7 medical file to verify the medical order and then inappropriately him housed on an upper bunk.
8 (Doc. 6 at 3.)  Finally, Plaintiff claims that, despite verification of his medical condition by Medical
9 Technical Assistants at Donovan and receipt of this verification by Defendants Flores and Williams,
10 he was nonetheless kept on the top bunk.  (Doc. 6 at 3.)

11    Plaintiff claims that, although he appealed to Defendant Hernandez, the immediate
12 supervisor to Defendant Flores and Defendant Williams, Defendant Hernandez refused to verify
13 Plaintiff's medical condition and stated he could do nothing until Plaintiff personally produced
14 medical records documenting his condition and the related medical order.  (Doc. 6 at 3.)  Plaintiff
15 alleges he subsequently appealed to Defendant McBride, Defendant Hernandez's direct supervisor,
16 and received an identical response.  (Id.)  Plaintiff states he remained on a top bunk in violation of
17 the medical order from December 13, 2003 to January 18, 2004.  (Id.)

18    On January 14, 2004, Plaintiff suffered a seizure and fell from a top bunk.  (Doc. 6 at 3.)
19 Plaintiff was then transported to Donovan's medical department and examined by Defendant Choo.
20 (Doc. 6 at 4.)  Plaintiff claims Defendant Choo prescribed Plaintiff pain medication, assured Plaintiff
21 the injuries would heal "on their own," and did not wrap Plaintiff's ribs.  (Id.)  Plaintiff alleges that,
22 at that visit, Defendant Choo responded to Plaintiff's complaint of "severe pain" by stating she
23 would monitor the injury's progress but ignored Plaintiff's plea for "more adequate treatment."  (Id.)
24
25    On February 19, 2004, Plaintiff made a follow-up visit to Defendant Ritter.  (Doc. 6 at 4.)
26 During the visit, x-rays of Plaintiff's injuries were taken and Plaintiff informed Defendant Ritter of
27 ongoing, severe pain.  (Id.)  Plaintiff states Defendant Ritter denied Plaintiff's request to see a
28 specialist and "refused to administer any further treatment."  (Id.)

1     On March 19, 2004, Plaintiff made a follow-up visit to Defendant Hunt, during which x-rays were taken. (Doc. 6 at 4.) At this visit, Plaintiff informed Defendant Hunt he continued to experience severe pain and requested a referral to a specialist. (Id.) Plaintiff claims Defendant Hunt assured him his "ribs were healing properly" and declined to refer Plaintiff to a specialist. (Id.)

    On February 23, 2005, a doctor in Donovan's medical department (Dr. Giannini, not a Defendant in this action) referred Plaintiff to a thoracic surgeon. (Doc. 6 at 4.) Plaintiff states this referral came after "almost a full year of enduring constant severe pain." (Doc. 6 at 4.) On April 27, 2005, Dr. Howden, a thoracic specialist, examined Plaintiff and made three conclusions: (1) Plaintiff had a "posterolateral fracture of the ninth rib, with incomplete union"; (2) Plaintiff had a "non-union of the tenth rib, with bony sclerotic margin and posterior protuberance"; and (3) "there [was] a displaced fracture of the eleventh rib posterolaterally with non-union" and "the fracture fragment [was] displaced." (Id.)

### III. Discussion

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. To survive a motion to dismiss for failure to state a claim, the factual allegations must be enough to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff must also "allege overt acts with some degree of particularity such that his claim is set forth clearly enough to give defendants fair notice of the type of claim being pursued." Ortez v. Washington County, 88 F.3d 804, 810 (9th Cir. 1996).

The court must accept as true all material allegations in the complaint, as well as reasoned inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. N.L. Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). The court looks not at whether the plaintiff will "ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Display Research Laboratories, Inc. v. Telegen Corp., 133 F. Supp. 2d 1170, 1173 (N.D. Cal. 2001).

Where a plaintiff appears in *propria persona* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a *pro se* civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Vague or conclusory allegations are not sufficient to withstand a motion to dismiss in civil rights violations. Ivey, 673 F.2d at 268; see also Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under section 1983). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." Jones, 733 F.2d at 649 (internal quotation omitted).

In addition, when resolving a motion to dismiss for failure to state a claim, the court may not generally consider materials outside the pleadings. Schneider v. California Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). This precludes consideration of "new" allegations that may be raised in a plaintiff's opposition to a motion to dismiss brought pursuant to Rule 12(b)(6). Id. (citing Harrell v. United States, 13 F.3d 232, 236 (7th Cir. 1993); 2 Moore's Federal Practice, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."). However, the court may consider documents or exhibits "whose contents are alleged in a complaint and whose authenticity no party questions." Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (2002); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 (9th Cir. 1990); Stone v. Writer's Guild of Am. W. Inc., 101 F.3d 1312, 1313-14 (9th Cir. 1996). Where a *pro se* litigant's claim is dismissed for failure to state a claim, leave to amend should be granted unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th

Cir. 2007) (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)). Prior to a final dismissal of a claim, "a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend." Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).

**A.     Eighth Amendment**

Defendants Choo, Ritter, and Hunt seek dismissal of the claims against them on the ground Plaintiff's FAC fails to state facts establishing deliberate indifference in violation of the Eighth Amendment.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976) (citation and internal quotations omitted); see also Hutto v. Finney, 437 U.S. 678, 685 (1978). The Supreme Court has established that the government has an Eighth Amendment duty to provide medical care for prisoners. Estelle, 429 U.S. at 103. Although not every breach of this duty is a violation of constitutional rights, "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Estelle, 429 U.S. at 104 (quoting Gregg v. Georgia, 426 U.S. 153, 173 (1976)); Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).

To assert an Eighth Amendment claim for deliberate indifference, a prisoner must satisfy two requirements: one objective and one subjective. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). In Farmer, the Supreme Court held that,

> [T]he deprivation alleged must be, objectively, "sufficiently serious[;]" a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." . . . The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind."

Id. That state of mind is shown when Plaintiff can prove "deliberate indifference." See id. Deliberate indifference is evidenced only when "the official knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id. at 837.

//

In an Eighth Amendment claim for deliberate indifference in the medical context (hereinafter, "deliberate medical indifference"), a plaintiff must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle, 420 U.S. at 106. In Estelle, the Supreme Court held that,

> In the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

429 U.S. at 105-06.

In the Ninth Circuit, deliberate medical indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson, 838 F.2d at 394. To meet the requirements of a claim for deliberate indifference, a plaintiff must show a purposeful act or failure to respond to pain or possible medical need resulted in harm. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled in part on other grounds by WMX Techs, Inc. v. Miller, 974 F.2d 1133, 1136 (9th Cir. 1997); Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006) (finding deliberate medical indifference when, for over a year, prison medical personnel knew but failed to respond to a prisoner's need to have a broken thumb examined and treated by a specialist and the delay led to deformity); but see Wood v. Housewright, 900 F.2d 1332 (9th Cir. 1990) (finding no deliberate medical indifference when prison medical staff provided medical care after confiscation of a medical device caused pins in a prisoner's shoulder to break).

    **a.    Objective Element**

Defendants acknowledge Plaintiff's alleged injury is sufficiently serious. (Doc. 16 at 4.) Plaintiff has, therefore, fulfilled the objective requirement of an Eighth Amendment claim. Farmer, 511 U.S. at 834.

//

//

//

     **b.**     **Subjective Element**

          **i.**     **Defendant Choo**

Plaintiff has not met the subjective requirement of an Eighth Amendment claim with respect to Defendant Choo. The Complaint alleges Defendant Choo responded to Plaintiff's injuries by prescribing pain medication and promising to monitor the injury's progress. (Doc. 6 at 4.) The Opposition claims Defendant Choo did not wrap Plaintiff's ribs even though she knew the injury would not heal properly unless supported by a wrap. (Doc. 17 at 3; Doc. 6 at 4.) As held in Schneider, "the focus of any Rule 12(b)(6) dismissal . . . is the complaint" and a court may not consider new allegations raised in a plaintiff's opposition to a motion to dismiss. 151 F.3d at 1197 n.1. Moreover, this Court cannot "supply essential elements of claims that were not initially pled." Ivey, 673 F.2d at 268. Had the Complaint alleged Defendant Choo knew of the additional treatment steps required for Plaintiff's injury but failed to pursue this course of action, Plaintiff would have satisfied the requirements of a claim for deliberate medical indifference. See Jett, 974 F.2d at 1098. The Complaint, however, includes no such statements. Thus, this Court RECOMMENDS Defendants' motion to dismiss be GRANTED on this ground as to Defendant Choo.

          **ii.**     **Defendant Ritter**

Plaintiff has not met the subjective requirement of an Eighth Amendment claim with respect to Defendant Ritter. The Complaint alleges a follow-up visit to Defendant Ritter on February 19, 2004 consisted solely of monitoring the injury's progress and taking x-rays. (Doc. 6 at 4.) The Complaint also states Defendant Ritter denied Plaintiff's request for referral to a specialist. (Id.) The Opposition alleges Defendant Ritter knew Plaintiff's injury would not heal properly unless supported by a wrap but did not wrap Plaintiff's ribs. (Doc. 17 at 3; Doc. 6 at 4.) However, as noted earlier, this Court cannot "supply essential elements of claims that were not initially pled" in a complaint. Ivey, 673 F.2d at 268; see Schneider, 151 F.3d at 1197 n.1. Here, the Complaint does not allege Defendant Ritter knew he needed to wrap Plaintiff's ribs but failed to do so. McGuckin, 974 F.2d at 1060; see Jett, 974 F.2d at 1098. Moreover, the Complaint does not allege Defendant Ritter viewed x-rays of Plaintiff's injuries, observed the fractures later diagnosed by another doctor,

1 and knowingly refused to take additional treatment steps required by Plaintiff's injury. Thus, this
2 Court RECOMMENDS Defendants' motion to dismiss be GRANTED on this ground as to
3 Defendant Ritter.

### iii. Defendant Hunt

Plaintiff has not met the subjective requirement of an Eighth Amendment claim with respect to Defendant Hunt. The Complaint alleges that a follow-up visit to Defendant Hunt on March 19, 2004, two months after Plaintiff's injuries, consisted of monitoring the injury's progress and taking x-rays. (Doc. 6 at 4.) The Complaint further claims Plaintiff requested Defendant Hunt refer him to a specialist, Defendant denied this request, and Defendant assured Plaintiff his ribs were healing properly. (Id.) The Complaint does not allege, however, Defendant Hunt viewed x-rays of Plaintiff's injuries, observed Plaintiff's fractured ribs, and knowingly refused to take additional treatment steps required by the injury. As with Defendants Choo and Ritter, the Opposition alleges Defendant Hunt knew of but intentionally denied the administration of additional treatment steps for Plaintiff's injuries. As previously noted, this Court cannot "supply essential elements of claims that were not initially pled" in a complaint. Ivey, 673 F.2d at 268; see Schneider, 151 F.3d at 1197. Thus, this Court RECOMMENDS Defendants' motion to dismiss be GRANTED on this ground as to Defendant Hunt.

Where a *pro se* litigant's claim is dismissed for failure to state a claim, leave to amend should be granted unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)). Prior to a final dismissal of a claim, "a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend." Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).

Accordingly, the Court RECOMMENDS Defendants' Motion to Dismiss for failure to state an Eighth Amendment claim be GRANTED as to Defendants Choo, Ritter, and Hunt with leave to amend.

//

**B.     Official Capacity**

Defendants seek dismissal of Plaintiff's claims to the extent Plaintiff seeks damages from Defendants acting in their official capacities.

Under the Eleventh Amendment, a plaintiff is barred from pursuing § 1983 claims for monetary damages against state employees in their official capacities. Will v. Mich. Dep't of State Police, 491 U.S. 58, 70-71 (1989). The Eleventh Amendment does not, however, bar suits for injunctive relief against state officials for acting in their official capacity. See Idaho v. Couer d'Alene Tribe, 521 U.S. 261, 269 (1997). Finally, the Eleventh Amendment does not bar suits seeking damages against state officials acting in their personal capacity. See Hafer v. Melo, 502 U.S. 21, 30 (1991).

Plaintiff seeks monetary damages against all Defendants in both their individual and official capacities. (Doc. 6 at 2-3.) Plaintiff is barred from seeking damages from Defendants acting in their official capacities. See Will, 491 U.S. at 70-71. The Court hereby RECOMMENDS Defendants' motion to dismiss be GRANTED with prejudice as to Defendants McBride, Hernandez, Flores, Williams, Choo, Ritter, and Hunt for monetary damages against these Defendants for acting in their official capacity.

**C.     Punitive Damages**

Defendants seek to strike Plaintiff's prayer for punitive damages from the Complaint on the ground that Plaintiff fails to set forth facts supporting such an award.

Rule 12(f) of the Federal Rules of Civil Procedure permits a Court to "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Under this Rule, courts have authority to strike a prayer for relief seeking damages that are not recoverable as a matter of law. See Tapley v. Lockwood Green Engineers, Inc., 502 F.2d 559, 560 (8th Cir. 1974); see also Arcilla v. Adidas Prom. Retail Oper., Inc., 488 F.Supp. 2d 965, 968 (C.D. Cal. 2007). In giving liberal interpretation to a *pro se* civil rights complaint, the court may not "supply essential elements of claims that were not initially pled." Ivey, 673 F.2d at 268. Punitive damages may be

recoverable in § 1983 claims "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). The Ninth Circuit allows punitive damages awards in § 1983 claims when a defendant's conduct was in reckless disregard of the plaintiff's rights. See Dang v. Cross, 422 F.3d 800, 807 (9th Cir. 2005). The Ninth Circuit defines reckless disregard as "complete indifference to the plaintiff's safety." Id.

### i. Defendant McBride

Plaintiff has alleged reckless disregard with respect to Defendant McBride. Plaintiff states he informed Defendant McBride of his status as a "seizure risk" who could not be housed on an upper bunk. (Doc. 6 at 2.) Plaintiff further claims he informed Defendant McBride these facts could be verified in Plaintiff's medical file. (Id.) Plaintiff alleges Defendant McBride "refused" to check this medical file and Plaintiff continued to be housed on an upper bunk. (Id.) Defendant McBride knew Plaintiff's presence on a top bunk posed a safety risk but did nothing to mitigate this risk. (Doc. 6 at 2.) Thus, Plaintiff has claimed Defendant McBride acted with complete indifference to Plaintiff's safety. See Dang, 422 F.3d at 807.

### ii. Defendant Hernandez

Plaintiff has alleged reckless disregard with respect to Defendant Hernandez. Plaintiff claims to have informed Defendant Hernandez he was "inappropriately housed on an upper bunk." (Id.) Plaintiff also alleges he informed Defendant Hernandez of Plaintiff's status as a "seizure risk" who could only be housed on a lower tier/lower bunk due to this condition. (Id. at 2-3.) Plaintiff further claims he informed Defendant Hernandez he could verify these facts in Plaintiff's medical file. (Id. at 2.) Plaintiff claims Defendant McBride "refused" to check this medical file and acted "completely indifferent" to Plaintiff's "medical concerns." (Id.) As such, Plaintiff has claimed Defendant Hernandez recklessly disregarded Plaintiff's rights. See Dang, 422 F.3d at 807.

//
//
//

### iii.    Defendant Flores and Defendant Williams

Plaintiff has not alleged reckless disregard with respect to Defendant Flores and Defendant Williams.  Plaintiff claims he informed Defendants Flores and Williams of his medical condition.  (Id. at 3.)  Plaintiff also states Medical Technical Assistants Wilson and Singletary made Defendants Flores and Williams "aware of" Plaintiff's status as a seizure risk.  (Id. at 2.)  Plaintiff does not, however, allege Defendant Flores knew Plaintiff's medical condition prevented him from being housed on a top bunk.  Moreover, Plaintiff does not claim Defendant Flores and William knew housing Plaintiff on a top bunk would pose a risk to Plaintiff's safety.  As such, Plaintiff has not claimed Defendants Flores and Williams recklessly disregard Plaintiff's rights.  See Dang, 422 F.3d at 807.

### iv.    Defendant Choo

Plaintiff has not alleged reckless disregard with respect to Defendant Choo.  The Complaint alleges Defendant Choo responded to Plaintiff's injuries by prescribing pain medication and promising to monitor the injury's progress.  (Doc. 6 at 4.)  The Opposition claims Defendant Choo did not wrap Plaintiff's ribs even though she knew the injury would not heal properly unless supported by a wrap.  (Doc. 17 at 3; Doc. 6 at 4.)  As held in Schneider, "the focus of any Rule 12(b)(6) dismissal . . . is the complaint" and a court may not consider new allegations raised in a plaintiff's opposition to a motion to dismiss.  151 F.3d at 1197 n.1.  Moreover, this Court cannot "supply essential elements of claims that were not initially pled."  Ivey, 673 F.2d at 268.  Had the Complaint alleged Defendant Choo knew that, by not wrapping Plaintiff's ribs, Plaintiff's safety would be threatened, the Complaint would have claimed Defendant Choo recklessly disregarded Plaintiff's rights.  See Jett, 974 F.2d at 1098.  The Complaint includes no such statements and, thus fails to set forth facts supporting an award of punitive damages with respect to Defendant Choo.  See Dang, 422 F.3d at 807.

### v.    Defendant Ritter

Plaintiff has not alleged reckless disregard with respect to Defendant Ritter.  The Complaint alleges a follow-up visit to Defendant Ritter on February 19, 2004 consisted solely of monitoring the

injury's progress and taking x-rays. (Doc. 6 at 4.) The Complaint also states Defendant Ritter denied Plaintiff's request for referral to a specialist. (Id.) The Opposition alleges Defendant Ritter knew Plaintiff's injury would not heal properly unless supported by a wrap but did not wrap Plaintiff's ribs. (Doc. 17 at 3; Doc. 6 at 4.) However, as noted earlier, this Court cannot "supply essential elements of claims that were not initially pled" in a complaint. Ivey, 673 F.2d at 268; see Schneider, 151 F.3d at 1197 n.1. The Complaint does not allege Defendant Ritter's failure to wrap Plaintiff's ribs constituted complete indifference to Plaintiff's safety or recklessly disregard for Plaintiff's rights. Thus, the Complaint fails to set forth facts supporting an award of punitive damages with respect to Defendant Ritter. See Dang, 422 F.3d at 807.

### vi. Defendant Hunt

Plaintiff has not alleged reckless disregard with respect to Defendant Hunt. The Complaint alleges that a follow-up visit to Defendant Hunt on March 19, 2004, two months after Plaintiff's injuries, consisted of monitoring the injury's progress and taking x-rays. (Doc. 6 at 4.) The Complaint further claims Plaintiff requested Defendant Hunt refer him to a specialist, Defendant denied this request, and Defendant assured Plaintiff his ribs were healing properly. (Id.) The Complaint does not allege, however, Defendant Hunt viewed x-rays of Plaintiff's injuries, observed Plaintiff's fractured ribs, and knew Plaintiff's safety would be threatened unless Defendant Hunt wrapped the injury. The Complaint does not claim Defendant Hunt recklessly disregarded Plaintiff's rights or behaved with complete indifference to Plaintiff's safety. Thus, the Complaint fails to set forth facts supporting an award of punitive damages with respect to Defendant Hunt. See Dang, 422 F.3d at 807.

Where a *pro se* litigant's claim is dismissed for failure to state a claim, leave to amend should be granted unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)). Prior to a final dismissal of a claim, "a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend." Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).

Accordingly, the Court RECOMMENDS Defendants' Motion to Strike Plaintiff's prayer for punitive damages be DENIED with respect to Defendant McBride and Defendant Hernandez. The Court RECOMMENDS that Defendants' Motion to Strike Plaintiff's prayer for punitive damages be GRANTED with leave to amend with respect to Defendants Flores, Williams, Choo, Ritter, and Hunt.

## IV. Conclusion

For all of the above reasons, the Court RECOMMENDS Defendants' Motion to Dismiss and Strike be DENIED in part and GRANTED in part. The Court recommends that:

(1)  Defendants' Motion to Dismiss for failure to state an Eighth Amendment claim against Defendant Choo, Defendant Ritter, and Defendant Hunt be GRANTED with leave to amend.

(2)  Defendants' motion to dismiss be GRANTED with prejudice as to Defendants McBride, Hernandez, Flores, Williams, Choo, Ritter, and Hunt for monetary damages against these Defendants for acting in their official capacity.

(3)  Defendants' Motion to Strike Plaintiff's prayer for punitive damages be DENIED with respect to Defendant McBride and Defendant Hernandez.

(4)  Defendants' Motion to Strike Plaintiff's prayer for punitive damages be GRANTED with leave to amend as to Defendants Flores, Williams, Choo, Ritter, and Hunt.

(4)  The Court set a date certain by which time Plaintiff may file an amended complaint.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (2007) and Local Rule 72.1(d).

IT IS HEREBY ORDERED that **no later than August 6, 2009** any party may file and serve written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

//

1      IT IS FURTHER ORDERED that any reply to the objections shall be filed and served **no later than ten days** after being served with the objections. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. <u>Martinez v. Y1st</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

     **IT IS SO ORDERED.**

DATED: July 6, 2009

*Louisa Porter*

LOUISA S PORTER
United States Magistrate Judge

cc:     The Honorable Napoleon A. Jones, Jr.
          all parties