1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

WILLIAM TERRY,

Civil No.    07-2360 J (POR)

12

Plaintiff,

**ORDER:**

13

**(1) ADOPTING IN PART THE R&R;**

14

vs.

**(2) GRANTING DEFENDANTS'
MOTION TO DISMISS; and**

15
16

CAPT. MCBRIDE, Correctional Captain;
LT. HERNANDEZ, Correctional Lieutenant;
PAROLE OFFICER FLORES, Correctional
Officer; CORRECTIONAL OFFICER
WILLIAMS, Correctional Officer; DR.
CHOO, Medical Doctor; DR. J. RITTER,
Chief Medical Officer; DR. J. HUNT,
Medical Doctor,

**(3) DENYING DEFENDANTS'
MOTION TO STRIKE
PLAINTIFF'S PRAYER FOR
PUNITIVE DAMAGES.**

17
18
19
20
21

Defendants.

22
23

Before the Court is Magistrate Judge Louisa S. Porter's Report and Recommendation

24

("R&R") recommending the Court grant in part and deny in part Defendants D. McBride, G.

25

Hernandez, C. Flores, Dr. Choo, Dr. Ritter, and Dr. Hunt's (collectively, "Defendants") Motion

26

to Dismiss the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil

27
28

Procedure.[1]  Plaintiff, an inmate currently incarcerated at the California State Prison in Chino, California, and proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  After a thorough review of all papers and supporting documents, this Court **ADOPTS IN PART** the R&R, **GRANTS** Defendants' motion to dismiss, and **DENIES** Defendants' motion to strike Plaintiff's prayer for punitive damages.

### *Factual Allegations*

At the time in question, Plaintiff was incarcerated at Donovan State Prison ("Donovan"). (FAC at 2.)  On December 13, 2003, Plaintiff was placed in Donovan's Administrative Segregation Unit ("ASU").  (*Id*. at 3.)  Plaintiff alleges he has a medical condition that causes seizures and which is documented in his prison medical records.  (*Id*.)  Plaintiff also claims he has a "Medical Chrono" ordering him to be housed only on a lower tier/lower bunk due to his medical condition.[2]  (*Id*.)

Plaintiff claims that, upon entering the ASU, he informed Defendants C. Flores and Williams of his medical condition. (FAC at 3.) Plaintiff alleges Defendants Flores and Williams stated "if [Plaintiff] couldn't produce the Documentation [sic], they would not do anything about it." (*Id*.)  Plaintiff claims he could not produce this medical documentation because it was not in his possession when he entered the ASU and because inmates were not allowed personal property in this unit.  (*Id*.; Doc. No. 17 at 2.)  Plaintiff claims Defendants Flores and Williams refused to check his medical file to verify the medical order and then inappropriately housed him on an upper bunk.  (FAC at 3.) Finally, Plaintiff claims that, despite verification of his medical condition by Medical Technical Assistants at Donovan and receipt of this verification by Defendants Flores and Williams, he was nonetheless kept on the top bunk.  (FAC at 3.)

Plaintiff claims that, although he appealed to Defendant Hernandez, the immediate

---

[1] The Pleadings do not provide first names for Defendants Choo, Hunt, Ritter, McBride, Hernandez, Flores, and Williams.  The Pleadings include first initials for the following defendants: J. Hunt, J. Ritter, and C. Flores.

[2] A "Medical Chrono" is a medical order.

supervisor to Defendant Flores and Defendant Williams, Defendant Hernandez refused to verify Plaintiff's medical condition and stated he could do nothing until Plaintiff personally produced medical records documenting his condition and the related medical order. (FAC at 3.)  Plaintiff alleges he subsequently appealed to Defendant McBride, Defendant Hernandez's direct supervisor, and received an identical response.  (*Id.*) Plaintiff states he remained on a top bunk in violation of the medical order from December 13, 2003 to January 18, 2004.  (*Id.*)

On January 14, 2004, Plaintiff suffered a seizure and fell from a top bunk.  (FAC at 3.) Plaintiff was then transported to Donovan's medical department and examined by Defendant Choo.  (*Id.* at 4.)  Plaintiff claims Defendant Choo prescribed Plaintiff pain medication, assured Plaintiff the injuries would heal "on their own," and did not wrap Plaintiff's ribs.  (*Id.*)  Plaintiff alleges that, at that visit, Defendant Choo responded to Plaintiff's complaint of "severe pain" by stating she would monitor the injury's progress but ignored Plaintiff's plea for "more adequate treatment."  (*Id.*)

On February 19, 2004, Plaintiff made a follow-up visit to Defendant Ritter.  (FAC at 4.) During the visit, x-rays of Plaintiff's injuries were taken and Plaintiff informed Defendant Ritter of ongoing, severe pain.  (*Id.*)  Plaintiff states Defendant Ritter denied Plaintiff's request to see a specialist and "refused to administer any further treatment." (*Id.*)

On March 19, 2004, Plaintiff made a follow-up visit to Defendant Hunt, during which x-rays were taken.  (FAC at 4.)  At this visit, Plaintiff informed Defendant Hunt he continued to experience severe pain and requested a referral to a specialist.  (*Id.*)  Plaintiff claims Defendant Hunt assured him his "ribs were healing properly" and declined to refer Plaintiff to a specialist. (*Id.*)

On February 23, 2005, a doctor in Donovan's medical department (Dr. Giannini, not a Defendant in this action) referred Plaintiff to a thoracic surgeon.  (FAC at 4.) Plaintiff states this referral came after "almost a full year of enduring constant severe pain."  (FAC at 4.)  On April 27, 2005, Dr. Howden, a thoracic specialist, examined Plaintiff and made three conclusions: (1) Plaintiff had a "posterolateral fracture of the ninth rib, with incomplete union"; (2) Plaintiff had a "non-union of the tenth rib, with bony sclerotic margin and posterior protuberance"; and (3)

1  "there [was] a displaced fracture of the eleventh rib posterolaterally with non-union" and "the

2  fracture fragment [was] displaced."  (*Id.*).

3  ***Procedural History***

4        Plaintiff filed his initial complaint, pursuant to 28 U.S.C. § 1983, on December 17,

5  2007.  [Doc. No. 1.]  On May 6, 2008, Plaintiff filed a First Amended Complaint.  [Doc. No.

6  6.]  On November 10, 2008, Defendants filed a Motion to Dismiss and to Strike Plaintiff's

7  First Amended Complaint.  [Doc. No. 15.]  On November 24, 2008, Plaintiff filed a Motion

8  of Objection to Defendant's Motion for Dismissal ("Opposition").  [Doc. No. 17.]  On

9  December 18, 2008, Defendants filed a Reply to Plaintiff's Motion of Objection to

10  Defendant's Motion for Dismissal ("Reply").  [Doc. No. 18.]  On July 6, 2009, Judge Porter

11  issued an R&R recommending Defendants' Motion be granted in part and denied in part.

12  [Doc. No. 20.]  Plaintiff's Objections to the R&R ("Objections") were filed *nunc pro tunc* to

13  July 31, 2009.  [Doc. No. 22.]

14  ***Legal Standard***

15  **I.  Motion to Dismiss Under Rule 12(b)(6)**

16        A motion to dismiss for failure to state a claim upon which relief can be granted

17  pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint.  *Navarro*

18  *v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A court may dismiss a claim only when "a

19  plaintiff can prove no set of facts in support of his claim that would entitle him to relief."

20  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996).  The court hearing the

21  motion must accept as true all material allegations in the complaint, as well as reasonable

22  inferences to be drawn from them, and the court must construe the complaint in the light

23  most favorable to the plaintiff.  *N.L. Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.

24  1986); *Parks School of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  The

25  court looks not at whether the plaintiff will "ultimately prevail but whether the claimant is

26  entitled to offer evidence to support the claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236

27  (1974) (*overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)).

28

07cv2360

1    In addition, when resolving a motion to dismiss for failure to state a claim, the court

2  "*may not* look beyond the complaint."  *Schneider v. California Dept. of Corrections*, 151

3  F.3d 1194, 1197 n.1 (9th Cir. 1988) (emphasis in original).  New allegations in a plaintiff's

4  opposition motion "are irrelevant for 12(b)(6) purposes."  *Id*. (internal citations omitted).

5  The court *may*, however, consider documents or exhibits "whose contents are alleged in a

6  complaint and whose authenticity no party questions."  *Branch v. Tunnell*, 14 F.3d 449, 454

7  (9th Cir. 1994) (*overruled on other grounds by Galbraith v. Santa Clara*, 307 F.3d 1119 (9th

8  Cir. 2002)).

9    A pleading must contain "a short and plain statement of the claim showing that the

10  pleader is entitled to relief" and "a demand for the relief sought . . . ."  Fed. R. Civ. P. 8(a);

11  *see Bureerong v. Uvawas*, 922 F. Supp. 1450, 1480 (C.D. Cal. 1996).  Rule 9(b) of the

12  Federal Rules of Civil Procedure 9(b) states "[m]alice, intent, knowledge, and other

13  conditions of a person's mind may be alleged generally."  FED. R. CIV. P. 9(b); *see*

14  *Bureerong*, 922 F. Supp. at 1480; *see also Pease & Curren Refining, Inc. v. Spectrolab, Inc.*,

15  744 F. Supp. 945, 949 (C.D. Cal. 1990) (*implicitly overruled on other grounds by Stanton*

16  *Road Associates v. Lohrey Enterprises*, 984 F.2d 1015 (9th Cir. 1993)).  However, "the

17  Federal Rules do not require courts to credit a complaint's conclusory statements without

18  reference to its factual content," and a plaintiff may not "plead the bare elements of his cause

19  of action . . . and expect his complaint to survive a motion to dismiss."  *See Ashcroft v. Iqbal*,

20  129 S. Ct. 1937, 1954 (2009).

21  **II.  Reviewing a Magistrate Judge's R&R**

22    The duties of the district court in connection with a magistrate judge's R&R are set

23  forth in Rule 72(b) and 28 U.S.C. § 636(b)(1).  *See* FED. R. CIV. P. 72(b); 28 U.S.C. §

24  636(b)(1) (2005).  The district court must "make a de novo determination of those portions of

25  the report . . .  to which objection is made" and "may accept, reject, or modify, in whole or in

26  part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)

27  (2005); *see United States v. Raddatz*, 447 U.S. 667, 676 (1980).

28

07cv2360

When no objections are filed, the Court may assume the correctness of the Magistrate Judge's findings of fact and decide the motion on the applicable law. *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974). Under such circumstances, the Ninth Circuit has held that "a failure to file objections only relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo.*" *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

## III.  Pro Se Litigant

Where a plaintiff appears *in propria persona* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, in giving liberal interpretation to a *pro se* civil rights complaint, the court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*; *see also Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under section 1983)**.** "The Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones*, 733 F.2d at 649 (internal quotations and citations omitted).

Where a *pro se* litigant's claim is dismissed for failure to state a claim, leave to amend should be granted unless "it is absolutely clear that the deficiences of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th cir. 1988)).

### *Objections*

Because Petitioner has filed objections to the R&R, this Court must conduct a *de novo* review of the portions of the R&R to which objections were made. Petitioner objects generally to the R&R and raises the following specific objections in support thereof:  (1)

Defendants knew Plaintiff had a medical chrono; and (2) Defendants acted irresponsibly and with deliberate indifference in violation of his Eight Amendment rights.

*Analysis*

**I. Eighth Amendment**

In the Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss ("P&A"), Defendants Choo, Ritter, and Hunt seek dismissal of the claims against them on the ground Plaintff's FAC fails to state facts establishing deliberate indifference in violation of the Eight Amendment.  (P&A at 3.)

**A. Legal Standard**

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency."  *Estelle v. Gamble*, 429 U.S. 97, 102 (1967) (citation and internal quotations omitted); *see also Hutto v. Finney*, 437 U.S. 678, 685 (1978).  The Supreme Court has established that the government has an Eighth Amendment duty to provide medical care for prisoners.  *Estelle*, 429 U.S. at 103.  Although not every breach of this duty is a violation of constitutional rights, "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eight Amendment."  *Estelle*, 429 U.S. at 104 (quoting *Gregg v. Georgia*, 4426 U.S. 153, 173 (1976)); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  In *Estelle*, the Supreme Court held that allegations in a prisoner's complaint against a medical director, when "based solely on the lack of diagnosis and inadequate treatment of his back injury," were insufficient to state an Eighth Amendment claim for deliberate indifference.

To assert an Eighth Amendment claim for deliberate indifference, a prisoner must satisfy two requirements:  one objective and one subjective.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In *Farmer*, the Supreme Court held that,

[T]he deprivation alleged must be, objectively, sufficiently serious[;] a prison official's act or omission must result in the denial of the minimal civilized measure of

life's necessities . . . .  The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.  To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind.

*Id*.  That state of mind is shown when Plaintiff can prove "deliberate indifference."  *See id*. Deliberate indifference is evidenced only when "the official knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference."  *Id*. at 837.

In an Eighth Amendment claim for deliberate indifference in the medical context (hereinafter, "deliberate medical indifference"), a plaintiff must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  *Estelle*, 429 U.S. at 106.  "An inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Id*. at 105-06.

In the Ninth Circuit, deliberate medical indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  *Hutchinson*, 838 F.2d at 394.  To meet the requirements of a claim for deliberate medical indifference, a plaintiff must show a purposeful act or failure to respond to pain or possible medical need resulted in harm. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992) (overruled in part on other grounds by *WMX Techs, Inc. v. Miller*, 974 F.2d 1133, 1136 (9th Cir. 1997); *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) (finding deliberate medical indifference when, for over a year, prison medical personnel knew but failed to respond to a prisoner's need to have a broken thumb examined and treated by a specialist and the delay let to deformity).

**B.  Legal Analysis**

Defendants acknowledge Plaintiff's alleged injury is sufficiently serious.  (P&A at

4.)  Accordingly, the Court **FINDS** Plaintiff has fulfilled the objective requirement of an Eighth Amendment claim.  *Farmer*, 511 U.S. at 834.  The Court must next determine whether Plaintiff has met the subjective requirement of an Eighth Amendment claim with respect to Defendants Choo, Ritter, and Hunt.

**Defendant Choo.**  The Complaint alleges Defendant Choo responded to Plaintiff's injuries by prescribing pain medication and promising to monitor the injury's progress.  (FAC at 4.)  Plaintiff contends in his Opposition that "the doctors knew[,] without support of any sort[,] the healing process would be prolong[ed]."  (Opp. at 2-3; *see* Obj. at 1).  Here, the Court "*may not* look beyond the complaint," *Schneider*, 151 F.3d at 1197 n.1, and new allegations Plaintiff's Opposition "are irrelevant for 12(b)(6) purposes." *Id.*   Thus, the new allegations raised in Plaintiff's Opposition and Objections may not be considered for the purposes of this 12(b)(6) motion, and generally the Court may only look to the FAC. *Id.*

Although the FAC does allege Plaintiff's ribs were not wrapped (FAC at 2b), it fails to allege facts showing Defendant Choo knew Plaintiff's condition would be exacerbated by failing to wrap his ribs.  *See Jett*, 439 F.3d at 1096.  While the facts alleged may arguably show insufficient healthcare was rendered, the mere inadvertent failure to provide adequate healthcare does not itself support an Eighth Amendment claim for deliberate indifference. *Estelle*, 429 U.S. at 106.  Here, the FAC does not allege Defendant Choo purposefully or deliberately failed to respond Plaintiff's pain or medical needs.  *See Jett*, 439 F.3d at 1096.

Accordingly, based on the FAC and for the reasons stated above, the Court **ADOPTS** the R&R, **FINDS** Plaintiff failed to allege facts sufficient to support an Eighth Amendment claim of deliberate indifference with regard to Defendant Choo, and **GRANTS** Defendants' motion to dismiss on this ground as to Defendant Choo.

**Defendant Ritter.**  As noted above, the Court may not look beyond the complaint when determining a 12(b)(6) motion to dismiss, *Schneider*, 151 F.3d at 1197 n.1, and this Court is barred from supplying the "essential elements of claims that were not initially pled" in a complaint.  *Ivey*, 673 F.2d at 268.  The FAC alleges a follow-up visit to Defendant Ritter on February 19, 2004 consisted solely of monitoring the injury's progress and taking

07cv2360

X-rays.  (FAC at 4.)  The FAC also states Defendant Ritter denied Plaintiff's request for referral to a specialist.  (*Id.*)  However, the FAC fails to allege Defendant Ritter viewed X-rays of Plaintiff's injuries or observed the fractures later diagnosed by another doctor. Further, the FAC fails to allege any other facts indicating Defendant Ritter knew Plaintiff's condition required his ribs to be wrapped or required a referral to a specialist and purposefully failed to act.  *McGuckin*, 974 F.2d at 1060; *Jett*, 974 F.2d at 1098.

Accordingly, based on the FAC and for the reasons stated above, the Court **ADOPTS** the R&R, **FINDS** Plaintiff failed to allege facts sufficient to support an Eighth Amendment claim of deliberate indifference with regard to Defendant Ritter, and **GRANTS** Defendants' motion to dismiss on this ground as to Defendant Ritter.

**Defendant Hunt.**  As stated above, any allegations raised outside of the FAC are irrelevant under the present 12(b)(6) analysis.  *Schneider*, 151 F.3d at 1197 n.1.  The FAC alleges a follow-up visit to Defendant Hunt on March 19, 2004, two months after Plaintiff's injuries, consisted of monitoring the injury's progress and taking x-rays.  (FAC at 4.)  The Complaint further claims Plaintiff requested Defendant Hunt refer him to a specialist, Hunt denied this request, and assured Plaintiff his ribs were healing properly.  (*Id.*)  The FAC does not allege, however, Hunt viewed x-rays of Plaintiff's injuries, observed Plaintiff's fractured ribs, or knowingly refused to take additional treatment steps required to prevent serious injury or pain to Plaintiff.  Further, the FAC fails to allege any other facts indicating Hunt knew that additional measures, such as the wrapping of Plaintiff's ribs, were necessary to alleviate Plaintiff's pain or remedy a serious medical condition.

Accordingly, based on the FAC and for the reasons stated above, the Court **ADOPTS** the R&R, **FINDS** Plaintiff failed to allege facts sufficient to support an Eighth Amendment claim of deliberate indifference with regard to Defendant Hunt, and **GRANTS** Defendants' motion to dismiss on this ground as to Defendant Hunt.

**II.  Eleventh Amendment Immunity**

1    Defendants seek dismissal of Plaintiff's damages claims to the extent they are based

2    on acts taken in their official capacities.  (P&A at 5-6).  Plaintiff seeks damages against

3    Defendants in their individual and official capacities.  (FAC at 2-3.)

4    The Eleventh Amendment bars a prisoner's § 1983 damages claims against state

5    actors sued in their official capacities.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66,

6    70-71 (1989) (The Eleventh Amendment bars suits by litigants who seek remedy against a

7    state for alleged deprivations of civil liberties "unless the State has waived its immunity . . .

8    or unless Congress has exercised its undoubted power under § 5 of the Fourteenth

9    Amendment to override that immunity.") (internal citations omitted).  It does not, however,

10   bar damage actions against state officials in their personal or individual capacities.  *Hafer v.*

11   *Melo*, 502 U.S. 21, 31 (1991); *Pena v. Gardner*, 976 F.2d 469, 472-73 (9th Cir. 1992).  When

12   a state actor is alleged to have violated both federal and state law and is sued for damages

13   under § 1983 in his individual or personal capacity, there is no Eleventh Amendment bar,

14   even if state law provides for indemnification.  *Ashker v. Cal. Dep't of Corrections*, 112 F.3d

15   392, 395 (9th Cir. 1997).  The Eleventh Amendment prohibits actions for damages against an

16   "official's office," that is, actions that are in reality suits against the state itself.  *Stivers v.*

17   *Pierce*, 71 F.3d 732, 749 (9th Cir. 1995).  The Eleventh Amendment, however, does not bar

18   actions against state officers in their official capacities as to declaratory judgment or

19   injunctive relief.  *Chaloux v. Killeen*, 886 F.2d 247, 252 (9th Cir. 1989).

20   Plaintiff seeks monetary damages against all Defendants in both their individual and

21   official capacities.  (FAC at 2-3.)  Th Eleventh Amendment bars Plaintiff from pursuing §

22   1983 claims for monetary damages against Defendants in their official capacities.  *Will*, 491

23   U.S. at 66, 70-71.  Therefore, the Court **ADOPTS** the R&R and **GRANTS** Defendants'

24   motion to dismiss on Eleventh Amendment grounds to the extent that Plaintiff seeks damages

25   against Defendants in their official capacities.

26   **III.  Punitive Damages**

27   Defendants seek to strike Plaintiff's prayer for punitive damages from the Complaint

28   on the ground that Plaintiff fails to set forth facts supporting such an award.  (P&A at 6-7.)

**A.  Legal Standard**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought."  FED. R. CIV. P. 8(a); *see Bureerong v. Uvawas*, F. Supp. 1450, 1480 (C.D. Cal. 1996).

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  FED. R. CIV. P. 12(f); *Sedney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Courts regard motions to strike "with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice."  *Jacobsen v. Katzer*, 609 F. Supp. 2d 925, 935 (N.D. Cal. 2009) (citations omitted); *see Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (*rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994))*; see also Lunsford v. United States*, 570 F.2d 221, 230 (8th Cir. 1977) ("Motions to strike under Fed.R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted." (citations omitted)).  Further, "courts often require a showing of prejudice by the moving party before granting the requested relief."  *See, e.g.*, *Mag Instrument, Inc. v. JS Products, Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008) (internal quotations and citations omitted).

"In determining whether to grant a motion to strike, a district court views the pleadings in a light most favorable to the non-moving party . . . ."  *See id*.  It is within the sound discretion of the court whether or not to grant a motion to strike.  *Id*. (citing *Cal Dep't of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028 (C.D. Cal. 2002); *see also Fantasy, Inc.*, 984 F.2d at 1528.

Under Rule 12(f) of the Federal Rules of Civil Procedure, courts have authority to strike a prayer for relief seeking damages that are not recoverable as a matter of law.  *See Arcilla v. Adidas Promotional Retail Operations Inc.*, 488 F. Supp. 2d 965, 968 (C.D. Cal. 2007) (citing *Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559 (8th Cir. 1974)). Punitive damages may be recoverable in § 1983 claims "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous

indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983).  The Ninth Circuit allows punitive damages awards in § 1983 claims when a defendant's conduct was in reckless disregard of the plaintiff's rights.  *See Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005).  The Ninth Circuit defines reckless disregard as "complete indifference to the plaintiff's safety." *Id.*

Rule 9(b) of the Federal Rules of Civil Procedure states "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b); *see Bureerong*, 922 F. Supp. at 1480; *see also Pease & Curren Refining, Inc. v. Spectrolab, Inc.*, 744 F. Supp. 945, 949 (C.D. Cal. 1990) (*implicitly overruled on other grounds by Stanton Road Assoc. v. Lohrey Enter.*, 984 F.2d 1015 (9th Cir. 1993)).

**B.  Legal Analysis**

**Defendant McBride.**  Plaintiff seeks punitive damages and alleges reckless disregard with respect to Defendant McBride.  Defendants argue Plaintiff fails to set forth facts supporting an award of punitive damages, and that Plaintiff's FAC is "devoid of any specific factual contentions that Defendants acted with 'evil motive or intent,' or 'reckless or callous indifference.'" (P&A at 6-7.)  The Magistrate Judge found Plaintiff claimed Defendant McBride acted with complete indifference to Plaintiff's safety, and therefore the FAC's allegations were sufficient to withstand Defendants' motion to strike.  (R&R at 11.)

First, it should be noted that Defendants do not allege that any prejudice will result from Plaintiff's prayer for punitive damages.  *See Mag Instrument, Inc.*, 595 F. Supp. 2d at 1106.  Further, Plaintiff's ability to obtain punitive damages is dependent, in part, on his ability to show reckless or callous indifference, i.e. that Defendant McBride had the requisite knowledge and state of mind to warrant such damages.  *See Wade*, 461 U.S. at 56; *Dang*, 422 F.3d at 807.  Conditions of a person's mind may be alleged generally. FED. R. CIV. P. 9(b); *see Bureerong*, F. Supp. at 1480; *see also Spectrolab, Inc.*, 744 F. Supp. at 949.

Plaintiff states he informed Defendant McBride of his status as a "seizure risk" who could not be housed on an upper bunk.  (FAC at 2.)  Plaintiff additionally claims he told McBride that he (McBride) could check the medical file, but that McBride refused to do so.

-13-

(*Id*.)   Here, the facts alleged are sufficient with respect to Defendant McBride's requisite reckless or callous indifference to Plaintiff's rights to withstand the Defendants' motion. *See Wade*, 461 U.S. at 56; *Dang*, 422 F.3d at 807; *see also Bureerong*, 922 F. Supp. at 1480; *Spectrolab, Inc.*, 744 F. Supp. at 949.   Thus, it cannot be said that Plaintiff's prayer for punitive damages are not recoverable as a matter of law. *See Arcilla*, 488 F. Supp. 2d at 968.[3]

Accordingly, based on the record and for reasons stated above, the Court **ADOPTS** the R&R and **DENIES** Defendants' motion to strike Plaintiff's prayer for punitive damages with respect to Defendant McBride without prejudice.

**Defendant Hernandez.**   Plaintiff has alleged reckless disregard with respect to Defendant Hernandez.   Defendants argue Plaintiff fails to set forth facts supporting an award of punitive damages, and that Plaintiff's FAC is "devoid of any specific factual contentions that Defendants acted with 'evil motive or intent,' or 'reckless or callous indifference.'" (P&A at 6-7.)   The Magistrate Judge found Plaintiff sufficiently claimed Defendant Hernandez recklessly disregarded Plaintiff's rights to withstand Defendants' motion to strike. (R&R at 11.)

First, as noted in the discussion of Defendant McBride, *supra*, Defendants do not allege any prejudice will result from Plaintiff's prayer for punitive damages. *See Mag Instrument, Inc.*, 595 F. Supp. 2d at 1106.[4]   Additionally, allegations concerning Defendant Hernandez's state of mind may be alleged generally. FED. R. CIV. P. 9(b); *see Bureerong*, 922 F. Supp. at 1480; *see also Spectrolab, Inc.*, 744 F. Supp. at 949.

The FAC alleges Plaintiff informed Defendant Hernandez of Plaintiff's status as a "seizure risk" who could only be housed on a lower tier/lower bunk due to his condition.   (*Id*.

---

[3] Under the present circumstances, Defendants' motion "would be more appropriately brought as a motion for summary judgment or a motion for summary adjudication of issues after adequate discovery." *See Spectrolab, Inc.*, 744 F. Supp. at 949.

[4] Rather than continue to point out that the P&A fails to allege prejudice, for the analysis of the remaining Defendants it is herein noted that the P&A does not allege prejudice with regard to any Defendant.

07cv2360

at 2-3.)[5]  Further, Plaintiff claims he informed Hernandez that he (Hernandez) could check Plaintiff's medical file to verify his medical condition, but that Hernandez refused to do so and was "completely indifferent" to Plaintiff's "medical concerns."  (*Id.*)

Here, the facts alleged are sufficient with respect to Defendant Hernandez's requisite reckless or callous indifference to withstand the Defendants' motion to strike.  *See Wade*, 461 U.S. at 56; *Dang*, 422 F.3d at 807; *see also* FED. R. CIV. P. 9(b); *Bureerong*, F. Supp. at 1480; *Spectrolab, Inc.*, 744 F. Supp. at 949; *Karim-Panahi*, 839 F.2d at 623; *Ferdik*, 936 F.2d at1261.  Thus, it cannot be said that Plaintiff's prayer for punitive damages are not recoverable as a matter of law.  *See Arcilla*, 488 F. Supp. 2d at 968.

Accordingly, based on the record and for reasons stated above, the Court **ADOPTS** the R&R and **DENIES** Defendants' motion to strike Plaintiff's prayer for punitive damages with respect to Defendant McBride without prejudice.

**Defendants Flores and Williams.**  Plaintiff's FAC requests an award of punitive damages against all Defendants.  (*See* FAC at 7.)  Defendants argue Plaintiff fails to set forth facts supporting an award of punitive damages, and that Plaintiff's FAC is "devoid of any specific factual contentions that Defendants acted with 'evil motive or intent,' or 'reckless or callous indifference.'" (P&A at 6-7.)   In the P&A, Defendants note *inter alia* that "[Plaintiff] alleges that he told Defendants D. McBride, G. Hernandez, and C. Flores, about the chrono, but they disregarded him and refused to take efforts to verify the chrono by independently checking his medical records."

The Magistrate Judge found Plaintiff failed to claim Defendants Flores and Williams recklessly disregarded his safety because Plaintiff did not allege Defendant Flores knew Plaintiff's medical condition prevented him from being housed on a top bunk, and because

---

[5] Specifically, the FAC states Plaintiff "explained the situation to Hernandez as described above."  The facts above this statement state that Plaintiff has a medical condition which causes him to have seizures, that this condition is documented in his medical file, and that his medical chrono states that he can only be housed on a lower tier/lower bunk due to seizures.  (FAC at 3.)  Defendants do not dispute Plaintiff alleges he told Defendants McBride, Hernandez, and Flores about his chrono.  (P&A at 7.)

1    Plaintiff did not claim Flores and Williams knew housing Plaintiff on a top bunk would pose
2    a risk to Plaintiff's safety.  (R&R at 12.)

3         Plaintiff alleges he informed Defendant Flores and Williams of his "medical
4    condition."  (FAC at 3.)  With regard to Defendant Williams, Plaintiff alleges Williams
5    "inappropriately housed [him] on an upper bunk with complete disregard to [his] medical
6    condition as a seizure risk, which was medically documented."  (*Id*. at 2.)  Plaintiff further
7    states that he "informed C/O Williams that he could check [his] Medical file," but that
8    Williams refused to do so.  (*Id*. at 2.)  Additionally, Plaintiff states Medical Technical
9    Assistants Wilson and Singletary verified his medical condition to Flores and Williams, but
10   that Flores and Williams "completely ignored the information and kept [Plaintiff] on the top
11   bunk."  (*Id*. at 3.)

12        Defendants only challenge Plaintiff's prayer for punitive damages on the basis that
13   Plaintiff failed to address the subjective state of mind of the Defendants with any factual
14   support.  (P&A at 7.)

15        First, with regard to the Magistrate Judge's conclusion that Plaintiff did not allege
16   Defendant Flores knew his condition prevented him from being housed on a top bunk,
17   Defendants themselves concede that Plaintiff's FAC "alleges that he told Defendant[] . . .
18   Flores, about the chrono."  (*see* P&A at 7; *see also* FAC at 3 (Plaintiff states, "I also had a
19   Medical Chrono which stated that I can only be housed on a lower tier/lower bunk due to
20   seizures.").)

21        Furthermore, Plaintiff raises allegations stating that Defendant Williams was
22   "completely indifferent" to his "medical concerns," that Flores and Williams "completely
23   ignored" his medical condition, and states specifically in the FAC exactly how Defendants
24   Flores and Williams disregarded his safety, i.e. that they kept him "on the top bunk" despite
25   knowing his "condition."  (FAC at 2-3.)  Here, the facts alleged are sufficient with respect to
26   Defendants Flores and Williams's requisite reckless or callous indifference.  *See Wade*, 461
27   U.S. at 56; *Dang*, 422 F.3d at 807; *see also Bureerong*, 922 F. Supp. at 1480; *Spectrolab,
28   Inc.*, 744 F. Supp. at 949; *Karim-Panahi*, 839 F.2d at 623; *Ferdik*, 936 F.2d at 1261.  Thus, it

cannot be said that Plaintiff's prayer for punitive damages are not recoverable as a matter of law with respect to Defendants Flores and Williams.  *See Arcilla*, 488 F. Supp. 2d at 968.

Moreover, motions to strike at the pleading stage are strongly disfavored by the courts, *see Jacobsen*, 609 F. Supp. 2d at 935; *Fantasy, Inc.*, 984 F.2d at 1527; *see also Lunsford*, 570 F.2d at 230.  Given Defendants allege no prejudice, *see Mag Instrument, Inc.*, 595 F. Supp. 2d at 1106, and because Defendant's motion to strike may be premature in light of future factual development in this matter, *see Spectrolab, Inc.*, 744 F. Supp. at 949, this Court uses its sound discretion to deny the motion to strike.  *See Mag Instrument, Inc.*, 595 F. Supp. 2d at 1106.

Accordingly, based on the record and for the reasons stated above, the Court **DOES NOT ADOPT** the R&R and **DENIES** Defendants' motion to strike Plaintiff's prayer for punitive damages with respect to Defendants Flores and Williams without prejudice.

**Defendants Choo, Ritter, and Hunt.**  Defendants move to strike Plaintiff's prayer for punitive damages.  (P&A at 7.)  The Magistrate Judge recommended in the R&R that this Court grant Defendants' motion to strike Plaintiff's prayer for punitive damages with respect to Defendants Choo, Ritter, and Hunt.  (R&R at 12-14.)  However, as this Court **FINDS** Plaintiff's claim against Defendants Choo, Ritter, and Hunt be dismissed,[6] the Court **DISMISSES AS MOOT** Defendants' motion to strike Plaintiff's prayer for punitive damages against said Defendants.  *See, e.g.*, *Consumer Solutions REO, LLC v. Hillery*, No. C-08-4357 EMC, slip op at 16 (N.D. Cal Aug. 26, 2009).

Accordingly, based on the record and for the reasons stated above, the Court **DOES NOT ADOPT** the R&R and **DISMISSES AS MOOT** Defendants' motion to strike Plaintiff's prayer for punitive damages with respect to Defendants Choo, Ritter, and Hunt without prejudice.

### Conclusion

For the reasons above, the Court: (1) **GRANTS** Defendants' Motion to Dismiss for failure to state an Eighth Amendment claim against Defendants Choo, Ritter, and Hunt with

---

[6] *See* discussion of Plaintiff's Eighth Amendment Claims against said Defendants, *supra*.

leave to amend; (2) **GRANTS** Defendants' Motion to Dismiss with prejudice Plaintiff's claim against all Defendants to the extent Plaintiff seeks monetary Damages against Defendants in their official capacity; and (3) **DENIES** Defendants' motion to strike Plaintiff's prayer for punitive damages with regard to all Defendants.

DATED: September 28, 2009

HON. NAPOLEON A. JONES, JR.
United States District Judge

07cv2360